NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY,<br>aka CALEB L. MCGILLIVARY,<br><br>  Petitioner[1],<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY, *et al.*,<br><br>  Respondents. | No. 25cv1497 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Caleb L. McGillvary, a state prisoner incarcerated in New Jersey State Prison in Trenton, New Jersey, brings a Complaint against U.S. Department of Homeland Security ("DHS"), U.S. Immigration & Customs Enforcement ("ICE"), DHS Secretary Kristi Noem, John Doe 1 Director of ICE, and John Doe 2 Special Agent in Charge ICE Newark Field Office. D.E. 1 ("Complaint" or "Compl."). McGillvary alleges that: (1) he is a Canadian-born American Indian; (2) he is in State custody after a wrongful conviction of homicide; and (3) he is subject to an immigration detainer that exposes him to the threat of removal to Guantanamo Bay, Cuba or a prison in El Salvador, as announced by the President of the United States. *Id*. at 1-2.

McGillvary seeks a declaratory judgment under 28 U.S.C. §§ 2201, 2202, finding him eligible for protections under 8 U.S.C. § 1359, and an injunction preventing Defendants from removing him from the United States. *Id.* at 2. He asserts jurisdiction under 28 U.S.C. § 1331

---

[1] In a letter to the Court, McGillvary asserts that he is not "in custody" pursuant to 28 U.S.C. § 2241 and asks for the matter to be construed as a civil complaint for declaratory relief and not a petition for writ of habeas corpus. D.E. 3.

(federal question), 28 U.S.C. § 1337 (commerce and antitrust regulations), and 28 U.S.C. 1361 (mandamus). *Id.* at 3.

McGillvary also filed applications to proceed *in forma pauperis*. D.E.s 1-1, 3 ("Amended IFP Application"). His Amended IFP Application establishes his financial eligibility to proceed without prepayment of the filing fee. Therefore, the Court will **GRANT** the Amended IFP Application. However, the Court must screen the Complaint for *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B). Moreover, "courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003). For the reasons below, the Court will **DISMISS** the Complaint for lack of subject matter jurisdiction.

I. **BACKGROUND**

McGillvary alleges that he is "a Canadian born American Indian of at least 50 per centum blood quantum of the American Indian race." Compl. at 1. He crossed the border from Canada into the United States by land in September 2012 and has remained continuously. *Id.* He is in state custody in New Jersey, allegedly upon a false conviction of homicide. *Id.* at 2. ICE has placed an immigration detainer on him that subjects him to future apprehension and detention for immigration violations. *Id.* McGillvary fears he will be removed to military detention in Guantanamo Bay, Cuba or a prison in El Salvador. *Id.*

McGillvary alleges that as a Cree Native American Indian with at least 50 percent centum blood quantum of the American Indian race, he

> has a concrete interest in entering the United States by land over the Canadian-U.S. border, and remaining in the United States. This ancient right is recognized by INA 289, the Jay Treaty, and the Treaty of Ghent. The codification of this interest indicates the Plaintiff is "entitled to creation of a record of admission for lawful

> permanent residence, even if technically inadmissible." See AFM
> 23.8 Section 289 Cases, Exhibit A; see also 8 C.F.R. § 289.2.

*Id.* at 9.

## II. ANALYSIS

Before the Court may review the Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must satisfy itself of subject matter jurisdiction. To begin, "the Declaratory Judgment Act, 28 U.S.C. § 2201 . . . does not itself create an independent basis for federal jurisdiction[.]" *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016).

Here, McGillvary prospectively challenges Defendants' decision or action to commence removal proceedings against him. Compl. at 3. Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." There is an exception to this jurisdiction-stripping provision for constitutional claims or questions of law pursuant to 8 U.S.C. § 1252(a)(2)(D), but "jurisdiction over such claims lies in the courts of appeals, and only after the alien has exhausted administrative remedies." *Patino v. Chertoff*, 595 F. Supp. 2d 310, 313 (S.D.N.Y. 2009).

This Court, therefore, lacks jurisdiction to provide McGillvary declaratory or injunctive relief under 8 U.S.C. § 1359. *See id.* at 314 (holding district court lacked subject matter jurisdiction to enjoin imminent but not yet initiated removal proceedings against alien); *United States v. Curnew*, 788 F.2d 1335, 1337 (8th Cir. 1986) (applying 8 U.S.C. § 1359 as an affirmative defense to reentry of removed alien under 8 U.S.C. § 1326); *MacDonald v. United States*, No. 11-1088, 2011 WL 6783327, at *5 (S.D. Cal. Dec. 23, 2011) (finding the plaintiff's status as a Canadian-born American Indian did not exempt him from § 1252(g)'s application); *Hills v. United States*,

3

162 Fed. Cl. 750, 753 and n.2 (2022), *aff'd*, No. 2023-1280, 2023 WL 2660172 (Fed. Cir. Mar. 28, 2023) (holding Article III of the Jay Treaty, which creates a privilege of passage through the Canadian border, codified in 8 U.S.C. § 1359, Section 289 of the INA, does not establish subject matter jurisdiction).

McGillvary asserts jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction. Compl. at 3. "A case arises under federal law" for purposes of federal question jurisdiction "when federal law creates the cause of action asserted." *Goldman v. Citigroup Glob. Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016). Thus, for federal question jurisdiction, McGillvary must rely on a federal law that creates a cause of action. He relies on 28 U.S.C. § 1337 (commerce and antitrust regulations) and 28 U.S.C. 1361 (mandamus). Compl. at 3.

The mandamus statute, 28 U.S.C. § 1361, confers jurisdiction on district courts to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In other words, "mandamus relief is appropriate only to compel the performance of a clear nondiscretionary duty." *Khanna v. Mayorkas*, No. 21-8712, 2021 WL 2621566, at *4 (D.N.J. June 25, 2021) (cleaned up). McGillvary has not identified a clear nondiscretionary duty owed to him by any of the Defendants. Instead, he seeks declaratory relief from this Court to prospectively establish his immigration status. This Court therefore lacks jurisdiction under 28 U.S.C. § 1361.

Finally, McGillvary asserts jurisdiction under 28 U.S.C. § 1337, which provides, in relevant part:

> (a) The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

28 U.S.C. § 1337.  "A statute need not create positive regulations imposing a duty or prescribing some conduct in order to be deemed one regulating commerce for § 1337 purposes; it need only have been enacted under Congress' constitutional power to regulate commerce." *Durkin v. Nat'l Bank of Olyphant*, 772 F.2d 55, 57 (3d Cir. 1985).  The Court construes the Complaint to assert Congress legislated the protections under 8 U.S.C. § 1359 based on its authority under the Commerce Clause.  The Court disagrees.

Congress has plenary power over decisions regarding the admission or exclusion of aliens. *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 175 (3d Cir. 2018).  "[T]he intent of Congress in enacting Section 1359 was to preserve the aboriginal right of American Indians to move freely throughout the territories originally occupied by them on either side of the American and Canadian border, and, thus, to exempt Canadian-born Indians from all immigration restrictions imposed on aliens by the Immigration and Nationality Act." *Akins v. Saxbe*, 380 F. Supp. 1210, 1219 (D. Me. 1974).  Therefore, the Court concludes the protections under 8 U.S.C. § 1359 derive from Congress' plenary power over admission or exclusion of aliens, not from the Commerce Clause.  *See* U.S. Const. art. I, § 8, cl. 4 ("The Congress shall have Power . . . To establish an uniform Rule of Naturalization.")

Finally, under the Court's duty to liberally construe a *pro se* pleading, the Court looks to whether it has jurisdiction under 28 U.S.C. § 2241(c)(3) to determine whether McGillvary "is in custody in violation of the Constitution or laws or treaties of the United States."  The Third Circuit has held "an individual subject to a final deportation order issued by the INS or its successor agency is in custody for § 2241 purposes, even if his present custody is pursuant to a state sentence." *Amenuvor v. Mazurkiewicl*, 457 F. App'x 92, 93 (3d Cir. 2012) (per curiam) (cleaned up).  McGillvary alleges that he is subject to an immigration detainer while in state custody.

Compl. at 1-2. He has not alleged that he is yet subject to a final order of removal.[2] Therefore, the Court does not have habeas jurisdiction.

### III. CONCLUSION

For the reasons stated above, the Court will grant McGillvary's Amended IFP Application and **DISMISS** the Complaint *without prejudice* for lack of subject matter jurisdiction. An appropriate Order follows.

Dated: April 7, 2025

_____
Evelyn Padin, U.S.D.J.

---

[2] In a letter to the Court, McGillvary asserts he is not "in custody" pursuant to 28 U.S.C. § 2241; he asserts jurisdiction under 8 U.S.C. § 1359 and seeks declaratory judgment. D.E. 3 at 3.