NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CALEB L. MCGILLVARY,

    Plaintiff,[1]

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,

    Defendants.

No. 25cv1497 (EP)

OPINION

**PADIN, District Judge.**

*Pro Se* Plaintiff Caleb L. McGillvary ("McGillvary") filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). D.E. 11 ("Motion for Reconsideration"). McGillvary seeks reconsideration of the Court's dismissal of his Complaint for lack of subject matter jurisdiction. *Id.* Defendants did not file a response to the Motion for Reconsideration. *See Dkt.* For the reasons explained below, the Court will **DENY** Plaintiff's Motion for Reconsideration.

**I.  BACKGROUND**

McGillvary, an inmate at New Jersey State Prison in Trenton, New Jersey, initiated this action by filing a Complaint against the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE"), and related officials. D.E. 1 ("Complaint" or "Compl.") McGillvary is subject to an immigration detainer filed with New Jersey State Prison. Compl. at 1-2. He further alleges that the immigration detainer exposes him to the threat of removal to

---

[1] The Clerk originally construed McGillvary's Complaint as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and referred to the parties as Petitioner and Respondents in the caption. The Court has revised the caption to reflect McGillvary's letter advising that he intended his pleading to be a civil complaint for declaratory relief. D.E. 3. The Court acknowledged McGillvary's letter in its prior Opinion. D.E. 6 ("Opinion" at 1 n.1).

Guantanamo Bay, Cuba, or a prison in El Salvador, pursuant to a recent executive order targeting immigrants convicted of violent crimes. *Id.* at 8-9. As a Canadian-born American Indian with at least 50% blood quantum, McGillvary asserts that he is entitled to protections under 8 U.S.C. § 1359, permitting him to remain in the United States. *Id.* at 5-10.

In his Complaint, McGillvary seeks declaratory and injunctive relief, invoking jurisdiction under 28 U.S.C. §§ 1331, 1337 (the "Commerce Statute"), 1361 (the "Mandamus Statute"), and the Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202). *Id.* at 2-3. After granting McGillvary's application to proceed *in forma pauperis*, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it for lack of subject matter jurisdiction. Opinion; D.E. 7 ("Order"). The Court concluded that jurisdiction was barred by 8 U.S.C. § 1252(g) and that none of the asserted statutory grounds applied. Opinion at 3-6. McGillvary now moves for reconsideration of the Court's dismissal of his Complaint.

## II.    LEGAL STANDARD

Motions for reconsideration under Federal Rule of Civil Procedure 59(e) are very limited in scope. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Such motions are granted only to correct a clear error of law, account for newly discovered evidence, accommodate an intervening change in controlling law, or prevent manifest injustice. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Importantly, a motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

III.    ANALYSIS

McGillvary argues that the Court overlooked key evidence—specifically, letters that he mailed to the Court prior to the April 7, 2025 dismissal of the Complaint—asserting that his Complaint stated a cause of action under federal common law and 8 U.S.C. §1359. Motion for Reconsideration ¶ 21 and D.E. 13-3 ("Ex. H"). Prior to the Court's dismissal of the Complaint for lack of jurisdiction, the Clerk received and docketed a letter from McGillvary. D.E. 3 ("Letter").[2] The Court acknowledged the letter in footnote 1 of its Opinion, noting that McGillvary did not intend his Complaint to be construed as a petition for writ of habeas corpus, but rather as a civil complaint for declaratory relief. Opinion at 1 n.1. In any event, the Court found it lacked jurisdiction to provide McGillvary declaratory or injunctive relief under 8 U.S.C. § 1359, pursuant to the jurisdiction stripping provision of the Immigration and Nationality Act, 8 U.S.C. § 1252(g). *Id.* at 3.

McGillvary relies on *Akins v. Saxbe*, 380 F. Supp. 1210 (D. Maine 1974)[3] in support of jurisdiction. In *Akins*, the parties conceded jurisdiction. *Id.* at 1219. The *Akins* Court held Section 1359 exempted the plaintiffs "from the visa and registration requirements of the Immigration and Nationality Act of 1952, as amended" and granted declaratory relief. *Id.* at 1218–22 (D. Me. 1974).

*Akins* is not precedential for this Court. Even if Section 1359 created a private right of action upon which McGillvary could seek declaratory and injunctive relief, in 1996, long after *Akins*, Congress enacted 8 U.S.C. §1252(g) as part of the Illegal Immigration Reform and

---

[2] The envelope containing McGillvary's letter is stamped with a received date of March 12, 2025. D.E. 3 at 4. This is consistent with paragraph 22 of McGillvary's Motion for Reconsideration and Exhibit I attached thereto. D.E. 13-4 ("Ex. I").
[3] *See* Motion for Reconsideration ¶ 20 and Exhibit G. D.E. 13-2 ("Ex. G").

3

Immigrant Responsibility Act of 1996 ("IIRIRA"),[4] stripping district courts of jurisdiction over "any cause or claim" arising from the decision to commence removal proceedings, adjudicate cases, or execute removal orders.

McGillvary ultimately seeks to enjoin prospective immigration enforcement actions. "If an alien challenges," the Attorney General's decisions or actions to commence proceedings, adjudicate cases, or execute removal orders "§ 1252(g) funnels jurisdiction over that challenge into a petition for review in a single court of appeals." *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 296 (3d Cir. 2020). The relief McGillvary seeks here would usurp: (1) the Attorney General's determinations or actions to commence a removal proceeding against him; (2) adjudicate whether McGillvary meets the definition in Section 1359 of "American Indians born in Canada"; and (3) prevent execution of his removal order, if McGillvary is determined not to meet the statutory definition in Section 1359. The declaratory and injunctive relief McGillvary seeks here is squarely barred by §1252(g).

The Court's April 7, 2025 Opinion correctly concluded that McGillvary's claims must be raised, if at all, through administrative immigration proceedings, with judicial review thereafter available in the appropriate Court of Appeals. Opinion at 3 (citing 8 U.S.C. §1252(a)(2)(D)). McGillvary does not identify a clear error of law, an intervening change in controlling law, newly discovered evidence (as opposed to evidence available before the dismissal), or a need to prevent manifest injustice pursuant to Fed. R. Civ. P. 59(e). Accordingly, the Court finds no basis to alter or amend its prior judgment.

---

[4] *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999) (holding "Respondents' challenge to the Attorney General's decision to 'commence proceedings' against them falls squarely within § 1252(g)—indeed, as we have discussed, the language seems to have been crafted with such a challenge precisely in mind—and nothing elsewhere in § 1252 provides for jurisdiction.")

III.   CONCLUSION

For the reasons stated above, the Court will **DENY** McGillvary's Motion for Reconsideration. An appropriate Order accompanies this Opinion.

Dated: May 28, 2025

_____
Evelyn Padin, U.S.D.J.

5